# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2024

Lyle W. Cayce
Clerk

———————

No. 24-30038

———————

Dumauriea L. McGee,

*Plaintiff—Appellant*,

*versus*

Trent Barton, *Assistant Warden*; Marcus Jones, *Major*;
Gabriel Hebert, *Major*; John Orr, *Captain*; John Doe (1),
*Nurse*; Jane Doe (1), *EMT*; John Doe (2), *EMT*; Darrel
Vannoy, *Head Warden*; Tim Hooper, *Head Warden*; Medical
Director at Louisiana State Penitentiary; State of
Louisiana through Louisiana Department of Public
Safety and  Corrections, LSP; Carlton Nettles, *Assistant
Warden*; Jeremy McKey, *Assistant Warden*; John Doe (3),
*Lieutenant*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-68

———————————————————————

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30038

Dumauriea L. McGee, Louisiana prisoner # 718008, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint alleging excessive force by defendant Marcus Jones and subsequent delayed or denied medical care by Jones and other defendants for his resulting shoulder injury. He also moves for the appointment of counsel.

In his IFP motion, McGee conclusorily asserts that his "claims have legal and factual support . . . that unequivocally evince[s] violations of the Constitution as, inter alia, deliberate indifference towards [his] serious medical need." Additionally, he asserts that his "case is res ipsa loquitor and not frivolous" and that he "is in 'imminent danger' of serious physical injury." In a declaration in support of his IFP motion, he contends that his left shoulder was "seriously maimed" by Jones and was confirmed to be dislocated, he ultimately received shoulder surgery due to the injury, and he continues to endure pain and suffering, as well as a permanent disability, due to the injury. Additionally, he maintains that he was repeatedly denied adequate or timely medical care for the shoulder injury, including times during which he was placed under the watch of Jones or Jones's purported brother, who was named as a John Doe defendant.

Although McGee contends that he was injured by Jones, he does not provide any argument challenging the district court's determination that his excessive force claim against Jones was not filed within the applicable one-year limitations period. Accordingly, he has abandoned any challenge to the basis for the district court's determination regarding this issue, and he therefore fails to raise a nonfrivolous issue for appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Additionally, although McGee alleges deliberate indifference to his medical needs and delays in his medical care, he does not

address the district court's determination that none of the named defendants was personally involved in his medical care, and his arguments regarding Jones and his purported brother do not allege such involvement. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Moreover, as to the John and Jane Doe defendants who allegedly acted with deliberate indifference, McGee does not present any argument challenging the district court's dismissal of the claims against these defendants without prejudice due to McGee's failure to timely serve them. *See* Fed. R. Civ. P. 4(m). He therefore has not raised a nonfrivolous issue regarding his deliberate indifference claim. *See Howard*, 707 F.2d at 220. Likewise, he does not challenge the district court's dismissal without prejudice, for failure to properly effectuate service, of his claims against defendants Trent Barton, Darrel Vannoy, Jeremy McKey, and the medical director of the Louisiana State Penitentiary. *See* Fed. R. Civ. P. 4(m).

McGee also does not provide any factual or legal arguments challenging the district court's determinations that (1) the defendants had Eleventh Amendment immunity from any official-capacity claims for monetary damages; (2) any allegations of mishandling of grievances failed because McGee did not have a constitutional right to have his prison disciplinary or administrative proceedings properly handled; (3) any allegations of verbal abuse did not amount to constitutional violations; and (4) the Louisiana Department of Public Safety and Corrections was not a "person" capable of being sued under § 1983. Accordingly, he has abandoned any challenge to the district court's dismissal of these claims. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Additionally, although McGee contends that he is in imminent danger of serious physical injury, he is not required to make such a showing for purposes of the instant motion. *See* 28 U.S.C. § 1915(g).

No. 24-30038

Because McGee fails to show that his appeal involves a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. His motion for the appointment of counsel also is DENIED.

This dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). McGee is WARNED that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).